**MILLER BARONDESS LLP**
BEN HERBERT, CA#277356
  bherbert@millerbarondess.com
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: 310.552.4400

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAWRENCE R. LAPORTE, CA#130003
  Lawrence.LaPorte@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs
HYPER ICE, INC. and
HYPERICE IP SUBCO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation, and HYPERICE IP SUBCO, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> THERABODY, INC., <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Trial Date:    None Set |

COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC ("Plaintiffs" or collectively "Hyperice") allege as follows for this Complaint for Patent Infringement ("Complaint") against defendant Therabody, Inc. ("Defendant" or "Therabody"):

## THE PARTIES

2. Plaintiff Hyper Ice, Inc. is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

3. Plaintiff Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware.

4. Hyperice is informed and believes, and based thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1640 S. Sepulveda Blvd., Suite 300, Los Angeles, CA 90025.

5. On information and belief, either itself or through its subsidiaries, parents, or other related companies, Defendant sells infringing products, via Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq*. brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 11,857,482 ("the '482 Patent").

7. This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District. On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of

this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

10. The '482 Patent is entitled "Massage Device Having Variable Stroke Length" and issued on January 2, 2024, claiming priority to Application No. 14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693, filed on July 1, 2013. A true and correct copy of the '482 Patent is attached hereto as Exhibit 1.

11. Philip C. Danby and John Charles Danby are the named inventors of the inventions disclosed in the '482 Patent. Hyperice IP Subco, LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the owner of the '482 Patent. Hyper Ice, Inc. is a licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '482 Patent.

12. This action arises out of Defendant's direct infringement of the '482 Patent.

13. Since at least 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro, all of which are covered by one or more claims of the '482 Patent.

14. Defendant offers for sale and/or sells products that infringe the '482 Patent, including but not limited to the TheraFace PRO, TheraFace LED, Theragun PRO, Theragun Sense, Theragun Elite, Theragun Prime, Theragun Mini, and Theragun Relief. Attached as Exhibits 2-5 are claim charts for the TheraFace PRO (substantially equivalent to the TheraFace LED for infringement analyses), Theragun PRO, Theragun Elite (substantially equivalent to the Theragun Sense, Theragun

COMPLAINT FOR PATENT INFRINGEMENT

Prime, and Theragun Relief for infringement analyses), and Theragun Mini devices.

15.  By no later than January 3, 2024, Defendant knew of the '482 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '482 Patent. On January 3, 2024, Hyperice filed suit in the United States District Court for the District of Delaware, alleging infringement of the '482 Patent. *Hyper Ice, Inc. et al. v. Therabody, Inc.*, Case No. 1:24-cv-00004 (the "Delaware Litigation"). On February 16, 2024, Hyperice filed a First Amended Complaint in the Delaware Litigation, and Hyperice included the detailed claim charts that are attached hereto as Exhibits 2-5. Moreover, Hyperice had provided the claim charts and related videos to Therabody's counsel prior to filing the First Amended Complaint in the Delaware Litigation.

16.  On February 23, 2024, Therabody filed a Complaint against Hyperice in this District. In order to promote judicial efficiency, Hyperice has dismissed the Delaware Litigation and files the instant action in this District.

## COUNT 1 – PATENT INFRINGEMENT

17.  Hyperice incorporates by reference the allegations in Paragraphs 1-16 above.

18.  Defendant has infringed and continues to infringe the '482 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the infringing products at issue in this case.

19.  Defendant infringes at least Claim 34 of the '482 Patent. Therabody's infringing products are battery-powered percussive massagers that include the following claim limitations. Hyperice believes that the infringing products literally meet the following claim limitations. If any of the limitations are not literally met, the infringing products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing

products are insubstantially different from the claimed limitation:

    a.    a housing;

    b.    a piston in the housing having a proximal end and a distal end;

    c.    a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

    d.    a drive mechanism between the motor and the piston that controls a predetermined stroke length of the piston; and

    e.    a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

20. Defendant's infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

21. As a result of Defendant's infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Defendant.

22. Defendant's infringement of the '482 Patent has been and continues to be willful. As noted above, Defendant has had knowledge of the '482 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively

high likelihood, that its conduct constitutes infringement of the '482 Patent. Nevertheless, Defendant continues to infringe the '482 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. §284, entitling Hyperice to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Hyperice prays for the following relief:

1. That this Court enter judgment of infringement of the '482 Patent in favor of Hyperice and against Defendant;

2. That this Court enter judgment that Defendant has willfully infringed the '482 Patent;

3. That this Court enter a permanent injunction against Defendant from infringing the '482 Patent;

4. That this Court award Hyperice compensatory damages for infringement of the '482 Patent, as well as interest thereon;

5. That this Court award Hyperice its costs of suit;

6. That this Court award Hyperice increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '482 Patent, in accordance with 35 U.S.C. §284.

7. That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action;

8. That this Court award Hyperice prejudgment and post-judgment interest; and

9. That this Court grant such further relief as the Court deems just and proper.

Case 8:24-cv-00390-JWH-DFM   Document 1   Filed 02/23/24   Page 7 of 8   Page ID #:7

| | | |
|---|---|---|
| 1 | DATED: February 23, 2024 | **MILLER BARONDESS LLP** |
| 2 | | |
| 3 | | By:   */s/ Ben Herbert* |
| | | BEN HERBERT, CA#277356 |
| 4 | |   bherbert@millerbarondess.com |
| 5 | | 2121 Avenue of the Stars, 26th Floor |
| | | Los Angeles, CA 90067 |
| 6 | | Telephone: 310.552.4400 |
| 7 | | **LEWIS BRISBOIS BISGAARD &** |
| 8 | | **SMITH LLP** |
| | | LAWRENCE R. LAPORTE, CA#130003 |
| 9 | |   Lawrence.LaPorte@lewisbrisbois.com |
| 10 | | 633 West 5th Street, Suite 4000 |
| | | Los Angeles, California 90071 |
| 11 | | Telephone: 213.250.1800 |
| 12 | | Facsimile: 213.250.7900 |
| 13 | | Attorneys for Plaintiffs |
| 14 | | HYPER ICE, INC. and |
| | | HYPERICE IP SUBCO, LLC |

6
COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs HYPER ICE, INC. and HYPERICE IP SUBCO, LLC hereby demand a trial by jury of all issues triable by jury.

DATED: February 23, 2024            **MILLER BARONDESS LLP**


By:  */s/ Ben Herbert*
    BEN HERBERT, CA#277356
      bherbert@millerbarondess.com
    2121 Avenue of the Stars, 26th Floor
    Los Angeles, CA 90067
    Telephone: 310.552.4400

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAWRENCE R. LAPORTE, CA#130003
  Lawrence.LaPorte@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs
HYPER ICE, INC. and
HYPERICE IP SUBCO, LLC